UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
)
)
)
)
v. )
)
EDGAR PEREZ ) CRIMINAL NO. 06-232-4
)
)
Defendant. )
)

**FILED**

APR 2 0 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>MEMORANDUM & ORDER</u>

Edgar Perez has been charged in a multi-count indictment with conspiracy to distribute and distribution of five kilograms or more of cocaine in violation of 21 U.S.C. §§ 959, 960, 963 and 18 U.S.C. § 2. Now before the Court is the government's oral motion for pre-trial detention. This Court conducted a hearing on the matter on April 16, 2009. Upon consideration of the oral motion, and the arguments and proffer of evidence introduced in the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

**I. THE GOVERNMENT'S PROFFER**

At the April 16, 2009 hearing, the government made the following factual proffer: During and around 2005, defendant Edgar Perez was an administrator in charge of overseeing cocaine

1

manufacturing plants along the northern coast of Colombia. By utilizing a wiretap, the government obtained phone calls in which Perez was heard discussing the operations at the cocaine plants with various coconspirators. In some of the conversations, Perez discusses how the destruction of some of the manufacturing plants will affect the conspiracy. Investigators were also able to seize some of the cocaine that was used in the conspiracy, including one seizure of 120 kilograms of cocaine. The government has also proffered that Perez has no ties to the United States and poses a flight risk.

## II. DISCUSSION

### A. Legal Framework

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e),(f). The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community. 18 U.S.C. § 3142(f). The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. The court should consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to the community if the person were released. 18 U.S.C. § 3142(g)(1)–(4).

## B. Flight Risk and Danger to the Community

The Court finds that the government has carried its burden of establishing, by a preponderance of evidence, that the defendant is a risk of flight. The government has also shown by clear and convincing evidence that Perez is a danger to the community.

The nature of the alleged crime is serious. The grand jury has returned an indictment charging the defendant with conspiracy to distribute five kilograms or more of cocaine. A grand jury indictment must be taken "fair upon its face" and provides probable cause to believe the defendant actually committed the acts constituting the offense. *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986).

The Court has also considered the defendant's history and characteristics. The defendant has no prior criminal history, but has no ties to the United States. Therefore, given the seriousness of the alleged offense and the defendant's international ties, the Court cannot be reasonably assured that the defendant would appear in court were he to be released.

The Court has considered the weight of the evidence and concludes that the government's evidence is strong. The government has numerous phone conversations that indicate the defendant is guilty of the crime charged. Investigating officers have confirmed that the voice heard on the calls is the voice of Perez.

The record does not reflect that Perez has a history of drug or alcohol abuse, has a criminal record, or was on probation at the time of the offense.

## III. CONCLUSION

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that detention of the defendant is appropriate in this case pending trial.

The Court also finds that the defendant's release, under any conditions, would pose an unreasonable danger to the community. Accordingly, it is hereby

ORDERED that the defendant continue to be detained without bond; it is further

ORDERED that defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

_____                   _____
Chief Judge Royce C. Lamberth                                    Date